United States District Court
Northern District of Alabama

Jeremy Pinson,
    Plaintiff,

v.

John Rathman,
Lee Green,
Charles E. Samuels, Jr.
    Defendants

Case No. CV-11-BE-0278-E

COMPLAINT

## Jurisdiction

1. Jurisdiction is asserted pursuant to 28 U.S.C. 1331, and also, Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

## Parties

2. Plaintiff Jeremy Pinson, Reg. No. 16267-064, is an inmate confined to the Federal Correctional Institution in Talladega, AL.

3. Defendant John Rathman is employed as Warden, FCI Talladega.

4. Defendant Lee Green is employed as South East Regional Discipline Hearings Administrator, 3800 Camp Creek Parkway SW, Bldg. 2000, Atlanta, GA, 30331-6226.

1

5. Defendant Charles E. Samuels, Jr. is employed as Asst. Director Correctional Programs Division, 320 First Street N.W., Washington D.C., 20534.

## Cause of Action

6. Defendants retaliated against Plaintiff for filing civil lawsuits, and assisting others in doing the same in violation of the First Amendment to the U.S. Constitution.

## Statement of Facts

7. Plaintiff is housed in the Special Management Unit ("SMU") at FCI Talladega since Aug. 6, 2009.

8. On 3/2/10 Defendant John Rathman was joined to a civil lawsuit filed by Plaintiff (Case No. 09-CV-2379-CLS-HGD, N.D. Ala.).

9. Shortly thereafter defendant Rathman approached Plaintiff to complain about being sued. Plaintiff refused to drop the litigation.

10. Plaintiff's cellmate, Edwin Guzman-Garcia (No. 63269-097) had also filed lawsuits against Rathman and FCI Talladega officials.

11. On June 25, 2010 Plaintiff and his cellmate Edwin Guzman, were involved in a fight with inmate Mario Zuniga.

12. The next day on June 26, 2010 defendant Rathman came to speak to Plaintiff and his former cellmate who had been seperated and moved to adjacent cells. The defendant told Plaintiff and his cellmate that if all lawsuits were withdrawn there would be no penalty except an incident report and sanctions for the fight. The alternative was the "worst I can find" as stated by defendant Rathman.

13. Guzman-Garcia agreed to drop all litigation against the defendant and Bureau of Prisons. Shortly thereafter defendant Rathman authorized Guzman to be housed with another inmate, to receive all property siezed on 6/25/10, to receive multiple telephone calls to his family and other privileges.

14. Plaintiff refused to drop any litigation and was placed on solitary confinement status since 6/25/10 to present, all legal property siezed and several articles of personal property were destroyed, Plaintiff was moved nearer to his known enemies and was referred to the US Penitentiary Administrative Maximum (ADX) in Florence, Colorado by defendant Rathman.

15. BOP Policy requires a medical, dental and psychological examination of any inmate referred to ADX and prohibits referral of inmates with serious medical needs or psychological/mental illness.

16. In order to expedite the ADX Referral defendant Rathman did not perform a medical, dental or psychological evaluation of Plaintiff and failed to document in the referral that Plaintiff suffered from Post-Traumatic Stress Disorder, Epilepsy and Bipolar Disease, and Hypertension.

17. Defendant Green conducted a Hearing on Rathman's referral. Plaintiff advised Green he was being retaliated against and provided documentation of medical conditions and made Objections. Defendant Green acknowledged Plaintiff's lawsuits had "angered quite a few people" and stated the hearing was a "meaningless formality".

18. Defendant Green affirmed Rathman's referral without further investigation despite documentation from numerous staff disagreeing with the referral and Plaintiffs Objections.

19. Defendant Samuels approved Plaintiffs referral to ADX despite reviewing but failing to investigate Plaintiff's claim of being retaliated against.

20. Plaintiff exhausted his available administrative remedies.

## Requested Relief

21. Compensatory damages of $353.60 for destruction of the property siezed 6/25/10.

22. Nominal Damages of $1.00 to compensate for violating U.S. Const, Amend. I

4

23. Punitive Damages of $10,000 against defendant Rathman, $1,000.00 against defendants Green and Samuels to punish them for violating Plaintiff's constitutional rights and to deter them from such conduct in the future.

24. Declaratory Judgment stating defendants' actions were violation of the First Amendment.

25. Taxed costs of this action, by Order, against defendants.

*Jeremy Pinson*
Jeremy Pinson #16267-064
FCI Talladega - Special Mail
PMB 1000
Talladega, AL, 35160

I declare the aforegoing is true and correct under penalty of perjury pursuant to 28 U.S.C. 1746 to the best of my knowledge and belief.

*Jeremy Pinson*
Jeremy Pinson